IN THE SUPREME COURT OF 
TEXAS
════════════
No. 02-0244
════════════
In The Interest 
of L.M.I. and J.A.I., Minor Children
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Fourteenth District of 
Texas
════════════════════════════════════════════════════
Argued on February 5, 2003
            Justice Wainwright, 
concurring.
            I 
join the Court in affirming the court of appeals’ judgment. However, I join only 
sections I, II, and IV.A. of Justice O’Neill’s writing concerning the judgment 
on Ricardo Duenas’s appeal. I agree with Justice Owen’s writing concerning the 
outcome of the legal sufficiency review of Maria Inocencio’s appeal, but for 
different reasons.
            The 
Court today holds that Ricardo Duenas failed to preserve the issue he presented 
for our review – that the procurement of his affidavit of relinquishment and the 
subsequent termination of his parental rights constituted a violation of his 
right to due process under the United States Constitution. Because he failed to 
preserve the sole issue raised in his petition, determining the burden of proof 
applicable to his affidavit of relinquishment of parental rights is unnecessary 
to resolve his appeal.
            I 
agree that Maria Inocencio preserved for our review the issue that execution of 
her affidavit of relinquishment was rendered involuntary by the coercion, 
deception and undue influence by certain individuals, including her sister and 
the persons seeking to adopt the twins. Accordingly, a legal sufficiency review 
of the issue Inocencio raises is required, and I agree with the result of 
Justice Owen’s writing on this point.
            I 
write separately to express my concern about another issue in this case. At 
trial, Inocencio represented to the court that to set the relinquishment 
affidavit aside, she had the burden of proof by a preponderance of the evidence 
to show that it was executed as a result of coercion, duress, fraud, deception, 
undue influence, or overreaching. Some courts of appeals likewise have held that 
the parent who executed the relinquishment affidavit has the burden to prove by 
a preponderance of the evidence that it was not executed voluntarily in order to 
avoid the very serious consequences of its execution. See, e.g., In re 
D.R.L.M., 84 S.W.3d 281, 296-298 (Tex. App.–Fort Worth 2002, pet. denied); 
In re V.R.W., 41 S.W.3d 183, 193 (Tex. App.–Houston [14th Dist.] 2001, no 
pet.); Coleman v. Smallwood, 800 S.W.2d 353, 356 (Tex. App.–El Paso 1990, 
no writ).
            Justice 
Owen, applying a different approach, cites the requirement under the 
Constitution and the Texas Family Code that the ultimate burden of proof, based 
on clear and convincing evidence, remains with the party seeking to terminate 
the parental rights. She recognizes that, absent any other evidence, a trial 
court could base termination on a relinquishment affidavit. If the burden to 
disprove the affidavit at trial remains on the parents in this circumstance, as 
stated by Inocencio at trial, then the constitutional and statutory requirements 
would be violated.
            I 
maintain that where a “voluntarily” executed relinquishment affidavit is the 
sole ground for termination of parental rights under section 161.001(1) of the 
Family Code, placing the burden on the parents to set aside the affidavit may 
run afoul of constitutional and statutory mandates for the burden of proof and 
quantum of evidence necessary to terminate parental rights. This issue was not 
briefed, nor was it expressly decided in the courts below.
            Inocencio’s 
appeal is unsuccessful under either approach. Accordingly, it is not necessary 
to decide this issue in this case.
                                                                        ________________________________________
                                                                        J. 
Dale Wainwright
                                                                        Justice
OPINION DELIVERED: September 18, 
2003